IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

─────────────────────────────

AARON WADE JABOT,

                        Plaintiff,                    Civil Action No.
                                                      1:15-CV-0725 (GTS/DEP)

          v.

FREDERICK RENCH, *et al.*

                        Defendants.

─────────────────────────────

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

AARON JABOT, *Pro se*
15-A-4539
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Aaron Wade Jabot, a New York State prison inmate, has commenced this action pursuant to 42 U.S.C. § 1983 against a judge, a district attorney, an assistant district attorney, a private defense attorney, and an agency administrator alleging that, together, they deprived him of his civil rights in connection with a criminal trial in Washington County. In lieu of submitting the required filing fee, plaintiff has applied for leave to proceed *in forma pauperis* ("IFP"). Plaintiff's complaint and accompanying IFP application have been forwarded to me for initial review. Having considered those documents, I find that plaintiff's motion for leave to proceed without prepayment of fees should be granted but recommend that his complaint be dismissed with leave to replead.

## I.    BACKGROUND

The facts alleged in the complaint are not a model of clarity. From the best the court can gather based on a liberal reading of the allegations, plaintiff was charged with criminal conduct that resulted in an indictment against him in Washington County, New York, and a subsequent trial in or

about May 2015.[1] *See generally* Dkt. No. 1. During the trial, defendant Honorable John Hall presided, defendants District Attorney Jordan and Assistant District Attorney Anderson prosecuted plaintiff, and defendant Attorney Frederick Rench represented Jabot. *Id.* It appears that defendant Marie Decarlo Drost, the administrator at the Washington County Public Defender's Office, assigned defendant Rench to represent plaintiff. *Id.* Plaintiff's complaint generally alleges that the defendants worked together to deprive him of certain constitutional rights, as described more specifically below. *Id.*

According to plaintiff's complaint, defendant Hall denied plaintiff medical care when he was experiencing chest pains during trial, as well as after plaintiff was subjected to the use of excessive force by law enforcement during trial, causing injuries to his back and neck. Dkt. No. 1 at 4, 9-10. Defendant Hall also allegedly denied plaintiff the opportunity to be represented by an attorney who did not have a conflict of interest in representing him, and denied his request to proceed *pro se* during the trial.

---

[1]  Although the nature of the criminal charges are not disclosed in plaintiff's complaint, according to publicly available records, plaintiff was convicted of assault in the second degree in violation of New York Penal Law § 120.05. New York State Department of Corrections and Community Supervision, Inmate Information, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (last visited Jan. 4, 2016).

*Id.* at 4, 6-7, 8, 10, 11. Defendant Hall allegedly witnessed plaintiff assaulting his attorney, defendant Rench, in the courtroom, but nonetheless denied plaintiff's subsequent request for appointment of new counsel. *Id.* at 9-10. According to plaintiff, defendant Hall also "denied [him his] <u>witnesses</u>" at trial and did not permit plaintiff to "tell the jury [his] s[ide] of the story[.]" *Id.* at 10-11 (emphasis in original). In addition, although defendant Hall was aware that plaintiff is Jewish, he allegedly denied plaintiff's requests for Kosher meals during the course of the trial. *Id.* at 4, 6. Defendant Hall also allegedly denied plaintiff's request to initiate an investigation into the jury in light of plaintiff's alleged "conflict with the Commissioner of Jurors[.]" *Id.* at 11.

Defendant Rench allegedly denied plaintiff the right to a fair trial by refusing to inform the jury that plaintiff was innocent and by neglecting to file a motion for change of venue or appointment of a special prosecutor. Dkt. No. 1 at 5, 12, 13. According to plaintiff, defendant Rench also failed to send plaintiff copies of legal documents and is responsible for "covering up" evidence that purports to demonstrate that he denied plaintiff a fair trial. *Id.* at 5. Defendant Rench allegedly "told [plaintiff] himself [that] he is sabotaging [plaintiff's] legal matters" and failed to interview any of plaintiff's

favorable witnesses or "investigate the information" plaintiff gave him "to prove [his] innocen[ce.]" *Id.* at 13-14.

Plaintiff alleges that defendants Anderson and Jordan initiated false criminal charges against him in Washington County by way of Indictment No. I-064-14 and "den[ied him] a fair trial" by lying to the jury and inducing corrections officers to "take the stand and lie[.]" Dkt. No. 1 at 5, 14. Defendants Anderson and Jordan also are alleged to have concealed evidence demonstrating their misconduct "because of grievances [plaintiff has] filed[,] law suites [sic] and harsh words [he has] used in [his] grievances using free speech."[2] *Id.* at 14.

Plaintiff's complaint also complains that defendant Drost denied him a fair trial by "den[ying him] . . . a conflict[-]free trial[.]" Dkt. No. 1 at 5. According to the complaint, defendant Drost "violated [plaintiff's] constitution rights in around or about 2013 2014 [by] ha[ving plaintiff]

---

[2]    It is not clear from the complaint against whom plaintiff filed grievances or lawsuits. While the complaint alleges that plaintiff filed a grievance "about [defendant Drost]," in which he "did use <u>harsh words</u> about her," there are no allegations that connect that particular grievance to the conduct of defendants Anderson and Jordan as alleged in the complaint. Dkt. No. 1 at 7 (emphasis in original). For example, defendant Drost is alleged to be the administrator at the Washington County Public Defender's Office, an agency separate and apart from the Washington County District Attorney's Office. In addition, there are no allegations that purport to suggest that defendants Anderson and Jordan learned of the grievance allegedly filed by plaintiff against defendant Drost.

arrested on false charges, then in 2014 she assigned [plaintiff an] attorney for Indictment I-064-14 in Washington County[.]" *Id.* at 15.

Plaintiff complains that, as a result of the defendants' conduct described above, he has suffered "stress," including sleepless nights, time away from his family, and "even lost [his] girlfriend over this matter[.]" Dkt. No. 1 at 17. Plaintiff seeks $400 million in damages, as well as a change of venue, a special prosecutor, access to religious meals, and "a conflict[-]free attorney." *Id* at 20.

II.   DISCUSSION

A.   Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[3]

In this instance, because I conclude, based upon a review of the relevant documents, Dkt. Nos. 10, 11, that plaintiff satisfies the

---

[3]   The total cost for filing a civil action in this court is $400.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00). Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

requirements to qualify for IFP status, his application for leave to proceed without prepayment of the requisite filing fee is granted.[4]

B.    Analysis of Plaintiff's Complaint

1.    Governing Legal Standard

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. §§ 1915(e), 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . .

---

[4]    Plaintiff is reminded that, although the application to proceed IFP has been granted, he is still required to pay the fees that he may incur in this action, including copying and/or witness fees.

seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999

WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under sections 1915(e) and 1915A, the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

      2.  <u>Analysis</u>

Liberally construed, plaintiff's complaint asserts the following claims pursuant to 42 U.S.C. § 1983: (1) deliberate medical indifference, in violation of the Fourteenth Amendment, against defendant Hall based on allegations that he denied plaintiff medical treatment during the trial when Jabot experienced chest pains, and after he was allegedly subjected to excessive force by law enforcement; (2) denial of plaintiff's First

Amendment right asserted against defendant Hall based on allegations that defendant Hall refused to serve plaintiff Kosher meals during the trial; (3) denial of plaintiff's Sixth Amendment right to counsel during the criminal trial in Washington County against defendant Hall based on allegations that defendant Hall was aware of a conflict of interest in Attorney Rench's representation of plaintiff but failed to assign him a new attorney; (4) denial of plaintiff's right to a fair trial against defendant Hall, in violation of the Sixth Amendment, based on allegations that he denied plaintiff access to certain witnesses at trial and did not permit plaintiff to submit a defense; (5) denial of plaintiff's right to an unbiased jury against defendant Hall, in violation of the Sixth Amendment, based on allegations that defendant Hall was aware of a conflict with the Commissioner of Jurors but denied plaintiff's request to initiate an investigation into the jury; (6) ineffective assistance of counsel against defendant Rench, in violation of the Sixth Amendment, based on allegations that he (a) did not inform the jury that plaintiff was innocent, (b) failed to file motions for a change of venue or appointment of a special prosecutor, (c) did not send plaintiff copies of legal documents, (d) concealed evidence demonstrating that he denied plaintiff a fair trial, (e) purposely sabotaged plaintiff's "legal matters," and (f) neglected to interview any of the allegedly favorable witnesses for plaintiff or investigate the

information plaintiff gave him that purported to prove plaintiff's innocence; (7) First Amendment retaliation claim against defendants Anderson and Jordan based on allegations that they retaliated against him for filing grievances and lawsuits by (a) purposely initiating false criminal charges against plaintiff, (b) lying to the jury during trial, and (c) inducing corrections officers to lie on the witness stand; and (8) denial of plaintiff's right to effective assistance of counsel against defendant Drost, in violation of the Sixth Amendment, based on allegations that, notwithstanding the fact that she allegedly filed false criminal charges against plaintiff in 2013 or 2014, she assigned defendant Rench to represent plaintiff in connection with the trial in Washington County in 2015. All of plaintiff's claims are subject to dismissal at this juncture for the following reasons.

### a.    Cognizable Relief Under Section 1983

Although plaintiff seeks monetary damages in his complaint, he also "request[s] to be released" and, based on his allegations that defendants deprived him of a fair trial, as well as his requests for "a change of venue" and "a special prosecutor," the court construes the complaint as challenging the validity of his conviction. Dkt. No. 1 at 20. It is well established, however, that a writ of habeas corpus, rather than a civil rights lawsuit pursuant to section 1983, is the appropriate remedy for a prisoner challenging the fact

or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *accord, Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("[H]abeas corpus—not a [section] 1983 action—provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment and seeks immediate release."). Accordingly, to the extent any of plaintiff's causes of action challenge the validity of his conviction, they are not cognizable under section 1983 and are subject to dismissal on this ground.

With respect to plaintiff's request for damages for the defendants' alleged conduct that resulted in an unconstitutional conviction, his claims are barred by *Heck v. Humphrey*, 415 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner's claim for damages under section 1983 is precluded if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" absent proof that the inmate has already secured invalidation of that conviction or sentence. *Heck*, 512 U.S. at 487. In this case, because rendering a finding in favor of plaintiff regarding his Sixth Amendment claims asserted against defendants Hall, Drost, and Rench based on allegations that he was not provided a fair trial would necessarily imply the invalidity of his conviction in Washington

County, I recommend that these claims be dismissed on this ground, as well.[5]

### b. Plaintiff's First and Fourteenth Amendment Claims Asserted Against Defendant Hall

Plaintiff's complaint asserts First and Fourteenth Amendment claims against defendant Hall based on allegations that defendant Hall deprived plaintiff of Kosher meals during the trial and ignored plaintiff's requests for medical treatment due to chest pains during the trial and after plaintiff was

---

[5]     Plaintiff's section 1983 claims asserted against defendant Rench also fail in light of the absence of any allegation that defendant Rench acted on behalf of the state. *See generally* Dkt. No. 1. State action is an essential element of any section 1983 claim. *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, J.)). To survive scrutiny under section 1915(e) where a plaintiff has asserted a section 1983 claim, the complaint must allege facts that plausibly suggest state action on the part of the named defendants. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.1975), *modified on other grounds by DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir. 1975), ("A private party violates [section] 1983 only to the extent its conduct involves state action."). Where a private actor is a named defendant, he may be considered to be acting under the color of state law for purposes of section 1983 if he was "a willful participant in joint activity with the State or its agents." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quotation marks omitted). This potential liability also applies to a private party who "conspires with a state official to violate the plaintiff's constitutional rights[.]" *Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005). In this instance, the fact that defendant Rench was appointed to represent plaintiff by a state agency is not sufficient to render him a state actor for purposes of plaintiff's section 1983 claims. *See, e.g., Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.").

subject to alleged excessive force by law enforcement.[6] Dkt. No. 1 at 4, 6,

9-10. "It is well settled that judges are absolutely immune from suit for any

actions taken within the scope of their judicial responsibilities." *DuQuin v.

Kolbert*, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004) (citing *Mireles v. Waco*,

502 U.S. 9, 10 (1991)); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir.

1994). This is true however erroneous an act may have been, and however

injurious its consequences were to the plaintiff. *Young*, 41 F.3d at 51. It

should be noted, however, that "a judge is immune only for actions

performed in his judicial capacity."[7] *DuQuin*, 320 F. Supp. 2d at 41.

Because the allegations giving rise to plaintiff's First and Fourteenth

Amendment claims against defendant Hall do not involve conduct

undertaken by defendant Hall in his judicial capacity, I cannot recommend

dismissal of the claims on this basis at this early juncture.

Dismissal of the Fourteenth Amendment claim, however, is

appropriate based on plaintiff's failure to allege any facts plausibly

---

[6] As described above in Part I of this report, plaintiff alleges that defendant Hall witnessed plaintiff punching defendant Rench in the face and then witnessed law enforcement apply excessive force immediately thereafter to subdue plaintiff. Dkt. No. 1 at 9-10.

[7] In this regard, because the allegations giving rise to plaintiff's Sixth Amendment claims asserted against defendant Hall involve conduct that was performed in defendant Hall's quintessential judicial capacity, those causes of action are additionally subject to dismissal on the basis of judicial immunity.

suggesting either that plaintiff suffered from a sufficiently serious condition

or that defendant Hall acted with deliberate indifference. Pretrial detainees'

constitutional rights are analyzed under the Fourteenth Amendment's Due

Process Clause, rather than the Cruel and Unusual Punishment Clause of

the Eighth Amendment. *Benjamin v. Fraser*, 343 F.3d 35, 49-50 (2d Cir.

2003), *overruled on other grounds by Caiozzo v. Koreman*, 581 F.3d 63, 70

(2d Cir. 2009). Nevertheless, under current Second Circuit precedent, a

deliberate medical indifference cause of action asserted by a pretrial

detainee is informed by the same standard as that applicable to a convicted

prisoner's deliberate medical indifference claim. *Caiozzo*, 581 F.3d at 72.

Accordingly, in this case, plaintiff must satisfy both an objective and

subjective requirement.[8] *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009);

*Price v. Reilly*, 697 F. Supp. 2d 344, 356 (E.D.N.Y. 2010).

---

[8]     The Supreme Court recently distinguished between Eighth and Fourteenth
Amendment claims in holding that a pretrial detainee alleging that an officer used
excessive force against him in violation of the Fourteenth Amendment need not
demonstrate that such officer was subjectively aware that his use of force was
unreasonable. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2470 (2015). Because that
case specifically addressed an excessive force claim, however, and mindful that the
Second Circuit has not addressed whether *Kingsley* should be extended to other claims,
like deliberate medical indifference, asserted by pretrial detainees, I have analyzed
plaintiff's claim in this case under the assumption that he must satisfy both the objective
and subjective requirements of an Eighth Amendment medical indifference cause of
action. *See, e.g., Roberts v. C-73 Med. Dir.*, No. 14-CV-5198, 2015 WL 4253796, at *3
n.3 (S.D.N.Y. July 13, 2015) ("The decision in *Kingsley* dealt only with excessive force
claims, thus the Court continues to abide by Second Circuit precedent setting forth a

To satisfy the objective requirement, the alleged deprivation must be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994); *see also Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) ("[T]he objective test asks whether the inadequacy in medical care is sufficiently serious."). Factors informing this inquiry include "whether a reasonable doctor or patient would find it important and worthy of comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain." *Salahuddin*, 467 F.3d at 280 (quotation marks and alterations omitted). Determining whether a deprivation is sufficiently serious requires a court to examine the seriousness of the deprivation, and whether the deprivation represents "a condition of urgency, one that may produce death, degeneration, or extreme pain[.]" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quotation marks omitted). Importantly, it is "the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the

---

subjective standard for cases involving allegations of deliberate indifference to a pretrial detainee's serious medical needs, which is identical to the standard for convicted prisoners under the Eighth Amendment.").

abstract, that is relevant for Eighth Amendment purposes." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003).

To satisfy the subjective requirement, a plaintiff must demonstrate that the defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.'" *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). "In medical-treatment cases . . ., the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health." *Salahuddin*, 467 F.3d at 280. "Deliberate indifference," in a constitutional sense, "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Id.*; *see also Farmer*, 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

In this case, plaintiff's complaint alleges only that he experienced chest pains during trial and suffered a neck and back injury following law enforcement's alleged use of excessive force. Dkt. No. 1 at 4, 9-10. No other allegations are included in the complaint regarding the seriousness of his pain or injuries. Plaintiff does not allege any facts that plausibly suggest he faced a condition of urgency or that he was subjected to a particular risk

of harm by having been denied medical treatment at the moment he requested it from defendant Hall during trial. Moreover, the complaint is devoid of any allegations that defendant Hall was aware of a substantial risk of harm to plaintiff at the time plaintiff requested care.

In any event, and as is relevant to plaintiff's First Amendment cause of action, as well, plaintiff's complaint clearly alleges that he was, at the time of trial, in the custody of Washington County Sheriff's Department. Dkt. No. 1 at 6. Accordingly, any allegation that defendant Hall was responsible for providing plaintiff medical treatment or assuring plaintiff received Kosher meals is unfounded.

For all of these reasons, I recommend that plaintiff's First and Fourteenth Amendment claims asserted against defendant Hall be dismissed.

> c.   Plaintiff's First Amendment Claim Asserted Against Defendants Anderson and Jordan

Plaintiff's complaint appears to allege that defendants Anderson and Jordan initiated false criminal charges against him in Washington County out of retaliation for plaintiff filing grievances and/or lawsuits. Dkt. No. 1 at 5, 14-15. "In general, a section 1983 claim will lie where the government takes negative action against an individual because of his exercise of rights

guaranteed by the Constitution or federal laws." *Friedl v. City of N.Y.*, 210 F.3d 79, 85 (2d Cir. 2000). To state a *prima facie* claim under section 1983 for retaliatory conduct, a plaintiff must advance non-conclusory allegations demonstrating that (1) the conduct at issue was protected, (2) the defendants took adverse action against the plaintiff, and (3) there was a causal connection between the protected activity and the adverse action – in other words, that the protected conduct was a "substantial or motivating factor" in the prison officials' decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977); *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007); *Garrett v. Reynolds*, No. 99-CV-2065, 2003 WL 22299359, at *4 (N.D.N.Y. Oct. 3, 2003) (Sharpe, M.J.).

In this instance, plaintiff's complaint does not allege sufficient facts to state a cognizable retaliation claim. To be clear, plaintiff alleges as follows with respect to his claim:

> ADA D, Anderson and DA A[] Jordan are falsify criminal charges against me in Washington County on Indictment I-064-14 and covering up misconduct they are mistreating me because of grievances I have filed law suites and harsh words I have used in my grievances using free speech.
>
> In May 15 during trial ADA D Anderson told the jury lies told them I committed a crime when I never did

> and had correction officers take the stand and lie
> ADA Anderson DA Mr Jordan denied me a fair trial
> and set me up on false charges on Indictment
> I-064-15 in Washington County they violated my
> constitutional rights filed false charges on me, and
> denied me a fair trial.

Dkt. No. 1 at 14-15 (errors in original). In the first instance, it is not clear against whom plaintiff filed the grievance or lawsuit that allegedly caused defendants Anderson and Jordan to retaliate. In any event, even assuming that plaintiff engaged in protected activity, there are no allegations to plausibly suggest a causal connection between the protected activity and the defendants' conduct as alleged by plaintiff. There are no allegations regarding the timing of plaintiff's protected activity as compared to defendants' conduct, and there are no allegations that defendants were aware that plaintiff undertook the protected activity. Accordingly, I recommend plaintiff's First Amendment claim be dismissed as against defendants Anderson and Jordan.

### C.   Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ.

P. 15(a) ("The court should freely give leave when justice so requires."); *see*

*also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003

(E.D.N.Y.1995) (permitting leave to replead where court could "not

determine that the plaintiffs would not, under any circumstances, be able to

allege a civil RICO conspiracy"). Here, given the procedural history of this

action, the court must determine whether plaintiff is entitled to the benefit of

this general rule.

Some of the deficiencies identified in plaintiff's complaint could

feasibly be cured through the inclusion of greater factual detail in his

pleading. Accordingly, I recommend that plaintiff be permitted to amend his

complaint, if desired, to address the deficiencies identified in this report with

respect only to his claims for damages arising out of the defendants' alleged

(1) failure to provide him with adequate medical treatment and meals

consistent with his religious beliefs, and (2) retaliation for filing grievances

and/or lawsuits.

In the event plaintiff chooses to file an amended complaint, he is

advised that the law in this circuit clearly provides that "'complaints relying

on the civil rights statutes are insufficient unless they contain some specific

allegations of fact indicating a deprivation of rights, instead of a litany of

general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F.

Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in his amended complaint, plaintiff must clearly set forth the facts that give rise to his claims, including the dates, times, and places of the alleged underlying acts. In addition, the revised pleading should allege facts demonstrating the specific involvement of each of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III.    SUMMARY, RECOMMENDATION, AND ORDER

Although I find plaintiff eligible to proceed IFP in this case, I conclude that all of his claims are subject to dismissal. His Sixth Amendment claims either are not cognizable under section 1983 due to the fact that he appears

to be challenging the validity of his conviction, or barred by the Supreme

Court's decision in *Heck.* Plaintiff's First and Fourteenth Amendment claims

asserted against defendants Hall, Anderson, and Jordan are subject to

dismissal because the complaint fails to allege facts plausibly suggesting

certain elements necessary to state a claim under the relevant legal

authority. Accordingly it is

ORDERED that plaintiff's application to proceed *in forma pauperis*

(Dkt. Nos. 10, 11) is GRANTED and the clerk is respectfully directed to

forward plaintiff's inmate authorization form to the superintendent of Green

Haven Correctional Facility, the facility in which plaintiff is currently housed;

and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action be dismissed

for failure to state a claim upon which relief may be granted, pursuant to 28

U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), with leave to replead within thirty

days from the date of any order adopting this recommendation limited to

plaintiff's First and Fourteenth Amendment claims.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge

written objections to the foregoing report. Such objections must be filed with

the clerk of the court within FOURTEEN days of service of this report.

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     January 12, 2016
           Syracuse, New York

David E. Peebles
U.S. Magistrate Judge